IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HONOLULU DATA ENTRY PROJECT, LTD. dba HDEP INTERNATIONAL,<br><br>    Plaintiff,<br><br>  vs.<br><br>D. BELLO ASSOCIATES, DOUGLAS W. BELLO, and JEFFREY A. BATES<br><br>    Defendants. | Civ. No. 12-000467 BMK<br><br>ORDER RE FEES AND COSTS |

## ORDER RE FEES AND COSTS

Before the Court are Plaintiff Honolulu Data Entry Project's ("HDEP") Bill of Costs, (Doc. 278), HDEP's Motion for Attorney's Fees And Related Non-Taxable Costs, (Doc. 277), and Defendant and Counterclaimant D. Bello Associates et al.'s ("DBA") Motion for Costs. (Doc. 276.)

After careful consideration of the Motions and the supporting and opposing memoranda, all three Motions are DENIED.[1]

---

[1] The Court elects to decide these Motions without a hearing, pursuant to Local Rule 7.2(d).

1

BACKGROUND

The Court held a bench trial on March 11, 2014, through March 25, 2014. At trial HDEP asserted eight claims against DBA:

Count I – Declaratory Judgment that the oral agreement between HDEP and DBA has been validly terminated and that HDEP has no continuing obligation to pay commissions to DBA or to renew contracts with existing customers and DBA;

Count II – Breach of Contract and of the Covenant of Good Faith and Fair Dealing, alleging that since 2005, DBA has failed to fully perform all its obligations under the parties' original oral contract;

Count III – Breach of Contract, alleging that DBA violated the non-competition provision of the parties' December 2012 Partial Settlement Agreement;

Count IV – Unfair Competition in violation of Hawaii Revised Statute ("HRS") § 480-2, alleging that DBA made dishonest and disparaging representations about HDEP to customers;

Count V – Defamation, alleging that DBA, Bello, and Bates made false and defamatory statements concerning HDEP;

Count VI – Tortious Interference with Prospective Business Advantage, alleging that Bell and Bates purposefully interfered with HDEP's exclusive business relationships;

Count VII – Tortious Interference with Contractual Relationships, alleging that Bello and Bates intentionally induced customers to breach their existing contracts with HDEP; and

Count VIII – Fraudulent Inducement, alleging that Bates and Bello conspired to interfere with and steal away existing customers from HDEP.

The Court categorized HDEP's claims as retrospective, current, and prospective. The Court held that HDEP's primary claim in terms of alleged damages (Claim II) was retrospective. HDEP alleged that DBA had breached the parties' cooperative agreement by not adequately performing its obligations since 2005. In connection with this primary claim HDEP presented two alternative theories of damages seeking either $4,076,314.43 or $2,431,565.04.

At the conclusion of trial, the Court rejected HDEP's primary claim for retrospective damages and found in part for HDEP on only two of its eight claims. First, on Claim I, the Court granted declaratory judgment in favor of HDEP "to the extent that HDEP validly terminated its cooperative agreement with DBA . . . and has no continuing obligation to renew joint contracts with existing customers." The Court, however, entered judgment against HDEP "to the extent that HDEP's termination of its cooperative agreement did not relieve HDEP of the obligation to pay commissions to DBA as established under the parties' cooperative agreement and their January 2012 Commission Agreement." In short, HDEP owed commissions on current joint contracts, but was not obligated to renew such contracts and continue paying commissions into the future. Second, on Claim III, the Court entered judgment for HDEP on one of two claims alleging breach of a non-competition agreement between the parties.

DBA in turn asserted four counter-claims against HDEP:

3

Count I – Breach of Contract, alleging that since terminating their collaboration, HDEP has failed to pay commissions to DBA as specified in the parties January 2012, written commission agreement, including for all reasonably foreseeable contract renewals;

Count II – Accounting, alleging that DBA is entitled to an accounting of all amounts owing and unpaid to DBA since termination of the oral agreement;

Count III – Breach of the Implied Covenant of Good Faith and Fair Dealing by refusing to pay commissions and unilaterally terminating joint DBA-HDEP customer contracts and reentering into HDEP only customer contract;

Count IV – Declaration as to DBA's rights to Intellectual Property including matrices, manuals, instructions, protocols, and software utilized in servicing customers.

DBA's primary claims (Counts I and III) involved HDEP's alleged breach of contract for failure to make commission payments to DBA. These claims encompassed both current and prospective elements. As to the current aspect of DBA's breach of contract claim, the Court held DBA was owed commissions on existing joint contracts beginning from August 22, 2012 subject to several qualifications that eliminated some of HDEP's commission obligations. According to HDEP's calculations, which DBA contests in a separate Motion, this portion of the Court's ruling imposed an obligation on HDEP to pay $587,448.15 in commissions in addition to $219,313.70 held in escrow, and as yet undetermined future commissions on some ongoing joint contracts. (Doc. 76, Exh. B.) Prospectively, the Court held that HDEP had no ongoing obligation to renew and

4

to pay commissions on all joint contracts ten years into the future. DBA had estimated that the total amount owed on both current and prospective commissions amounted to $8,001,305. Additionally, the Court granted DBA's request for an accounting and held that DBA was a co-owner of intellectual property (Claim IV), but that DBA had failed to establish a right to compel HDEP to provide copies of such intellectual property.

Both parties now move for taxable costs pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 54(d), and HDEP moves for non-taxable costs and attorneys' fees pursuant to HRS § 607-14. DBA requests for $12,873.91 in taxable costs. (Doc. 276, Exh. C.) HDEP, in turn, requests for $23,695.69 in taxable costs (Doc. 278), and $623,288.69 in non-taxable costs and attorneys' fees. (Doc. 277 at 1.)

## DISCUSSION

Under FRCP Rule 54(d), costs are allowed as of course to the prevailing party unless the court otherwise directs.[2] See Fed.R.Civ.P. 54(d)(1); see also Trans Container Servs. (Basel) A.G. v. Security Forwarders, Inc., 752 F.2d 483, 488 (9th Cir.1985). The trial judge has wide discretion in awarding costs under Rule 54(d) and may deny costs to the prevailing party in its discretion

---

[2] "Taxable" costs awardable under FRCP Rule 54(d)(1) are limited to the costs specified in 28 U.S.C. § 1920.

provided the court indicates its reasons.  See id.; see also K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir. 1969).

Hawaii Revised Statutes ("HRS") § 607-14 provides that "in all actions in the nature of assumpsit . . . there shall be taxed as attorney's fees, to be paid by the losing party, . . . a fee that the court determines to be reasonable . . . provided that this amount shall not exceed twenty-five per cent of the judgment." Unlike an award of taxable costs under FRCP Rule 54(d), under Hawaii law, courts lack the discretion to deny fees once a prevailing party is determined.  Kahuku Agr. Co. (Hawaii) v. P.R. Cassiday, Inc., 725 P.2d 1186, 1188 (Haw. 1986).

As set out above, the first inquiry in considering a monetary award under FRCP Rule 54(d) or HRS § 607-14 is the determination of a prevailing party.  To determine which party prevailed, the trial court is required to first identify the "disputed main issue," which itself is identified by looking to "the principle issues raised by the pleadings and proof" in the case.  Food Pantry, Ltd. v. Waikiki Business Plaza Inc., 575 P.2d 869, 879 (Haw. 1978).  Having determined a disputed main issue(s), the court then determines "on balance, which party prevailed on the issues."  Village Park Community Ass'n v. Nishimura, 122 P.3d 267, 283 (Haw. App. 2005).

However, "lawsuits do not invariably yield prevailing parties—some lawsuits like some football games end in ties."  Kahuku Agr., 725 P.2d at 1189

(Nakamura dissenting). In cases "where both parties gain a victory but also suffer a loss," there may be no actual prevailing party. Lauderdale v. Grauman, 725 P.2d 1199, 1200 (Mont. 1986); see also Costa v. Borges, 179 P.3d 316, 322 (Idaho, 2008) ("A trial court also has discretion to determine that there is no overall prevailing party."); (Lawry v. Palm, 192 P.3d 550, 570 (Colo. App. 2008) (while there will generally be a winner and loser, "in a proper case, the trial court may rule that neither party prevailed and award no fees.").

DBA asserts it is entitled to costs as the prevailing party because it "won" at least $587,448.15 in unpaid commissions, successfully defended against HDEP's tort claims, successfully defended against HDEP's retrospective breach of contract claim that sought either $4,076,314.43 or $2,431,565.04, and partly succeeded on HDEP's claim for breach of the parties' non-competition agreement.

HDEP contends it is entitled to costs and fees as the prevailing party because it succeeded, prior to trial, in getting a stipulation to dismiss DBA's joint venture/partnership claims that could have imposed significant financial obligations on HDEP, successfully defended DBA's pretrial efforts to compel arbitration in California, successfully defended DBA's prospective claims to future commissions totaling $8,001,305.[3]

---

[3] DBA argues that HDEP misstates the amount it successfully saved itself from owing because DBA's $8 million figure included current commissions on some existing joint contracts, which DBA was in fact awarded.

Under the circumstances of this case, the Court concludes that neither HDEP nor DBA is the prevailing party. Both parties "lost" on their disputed main issue. The Court denied DBA's claim for the vast majority of some $8 million in future commissions, and denied HDEP's primary claim for retrospective breach of contract alleging some $4 million in damages. That HDEP successfully defended against a greater possible monetary loss is offset by the fact that the Court did award DBA at least $800,000 in unpaid commissions, and denied all of HDEP's tort claims. Conversely, DBA's receipt of these unpaid commissions and "win" on the intellectual property issue is significantly offset by its failure on its claim for some $7 million in additional damages. In sum, each party lost much more than it gained in this litigation and the results are sufficiently mixed such that no party clearly prevailed.

## CONCLUSION

For the foregoing reasons, the Court DENIES both Motions for taxable costs, and DENIES HDEP's Motion for Attorneys' Fees and non-taxable costs. Each party shall bear their own expenses.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 10, 2014



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Honolulu Data Entry Project, Ltd. dba HDEP International v. D. Bello Associates, Douglas W. Bello, and Jeffrey A. Bates, Civ. No. 12-000467 BMK; ORDER RE FEES AND COSTS